```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                                CRIMINAL ACTION NO. 2:04-00198-02

**ANDRE JOHNSON, JR.**

<u>SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER</u>
<u>MEMORANDUM OPINION AND ORDER</u>

On April 28, 2022, the United States of America appeared by Matthew Ryan Blackwell, Assistant United States Attorney, and the defendant, Andre Johnson, Jr., appeared in person and by his counsel, Brian D. Yost, Esq., for a hearing on a petition seeking revocation of supervised release, submitted by United States Probation Officer Patrick M. Fidler.  The defendant commenced a three (3) year term of supervised release in this action on December 14, 2021, as more fully set forth in the Supervised Release Revocation and Judgment Order entered by the court on November 24, 2021.

The court heard the admissions of the defendant and the representations and arguments of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found by a preponderance of the evidence that the defendant has violated the condition of supervised release in the following respects:  (1) on December 14, 2021, the defendant entered a long-term residential substance abuse treatment program at Recovery U wherein the defendant was, as a special condition of his supervised release, to participate and successfully complete at least one year of the residential substance abuse treatment program at Recovery U; on January 18, 2022, it was discovered by program staff that the defendant forged a written assignment for another resident for a $10 fee, for which the defendant was disciplined; on or about February 24, 2002, staff at Recovery U learned that the defendant was signing out to go to in-person college classes, when many of the classes were remote classes; and, when the defendant was confronted about his conduct and told he would have to restart the program and would not be able to continue his classes, the defendant, in violation of the terms of his supervised release, absconded from the program that same evening; all as admitted on the record of the hearing by

the defendant, and all as set forth in the petition, and by the court's findings on the record of the hearing.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32.1(b)(2) and (c)(1) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583 (e), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of FIVE (5) MONTHS, with no further term of supervised release imposed.

The defendant was remanded to the custody of the United States Marshal.

**The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.**

DATED: May 4, 2022

_____
John T. Copenhaver, Jr.
Senior United States District Judge